**CHRISTENSEN JAMES & MARTIN, CHTD.**
Wesley J. Smith (11871)
Kevin B. Archibald (13817)
Dylan J. Lawter (15947)
7440 W. Sahara Avenue
Las Vegas, Nevada 89117
Telephone: (702) 255-1718
Email: wes@cjmlv.com, kba@cjmlv.com, djl@cjmlv.com
*Attorneys for Plaintiffs Board of Trustees of the Employee Painters' Trust, et al.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| BOARD OF TRUSTEES OF THE EMPLOYEE PAINTERS' TRUST, *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> J. E. SIMAS FLOORS, INC. d/b/a JE SIMAS FLOORS, *et al.*, <br><br> Defendants. | CASE NO.: 2:24-cv-00589-APG-MDC <br><br> **STIPULATION AND ORDER TO STAY PROCEEDINGS** <br><br> **(Second Request)** |

IT IS HEREBY STIPULATED AND AGREED by and among each of the above-named Parties, each acting by and through their undersigned counsel, as follows:

**A.   BACKGROUND**

1. Plaintiffs filed their original Complaint on March 27, 2024 [ECF. No. 1].

2. Plaintiffs filed their First Amended Complaint on April 11, 2024 [ECF No. 5].

3. Plaintiffs completed service of process of Defendant American Contractors Indemnity Company on April 19, 2024. *See* ECF No. 9.

4. Plaintiffs completed service of process of Defendant Karen Beth Fleischmann on April 23, 2024. *Id.*

5. Plaintiffs completed service of process of Defendants J. E. Simas Floors, Inc. d/b/a JE Simas Floors ("JE Simas"), James Edward Simas and Taylor Simas Samms on May 20, 2024. *Id.*

6. Plaintiffs filed the Affidavits of Service for the Defendants on June 14, 2024. *Id.*

7. None of the Defendants have filed responsive pleadings. *See* Docket, generally.

8. The Parties have not yet exchanged Initial Disclosures or participated in a 26(f) Conference; however, the Parties have begun initial discussions of the facts underlying the case and the claims and defenses asserted herein and have developed a preliminary plan for moving this case forward, as set forth below.

9. This case centers on alleged fringe benefit payment obligations arising from the Northern Nevada Floor Covering Master Agreement ("CBA") between the International Union of Painters and Allied Trades District Council 16 ("Union") and Defendant JE Simas.

10. The Plaintiffs allege that the Defendants owe fringe benefit contributions, interest, liquidated damages and other amounts discovered through a payroll compliance review of JE Simas's payroll and related records ("Audit") for the period April 1, 2017 to December 31, 2020 ("First Audit Period").

11. JE Simas disputes the Auditor's findings for the First Audit Period.

12. The Plaintiffs have been advised that JE Simas closed its business on or about September 30, 2023.

13. The Plaintiffs claim the right to a second audit (the "Second Audit") for the period of January 1, 2021 through September 30, 2023 ("Second Audit Period").

14. The Parties filed a Stipulation to Stay Proceedings on May 24, 2024 [ECF No. 7].

15. The Court issued its Order granting the Stipulation to Stay Proceedings on May 28, 2024, in which the Court ordered the following:

   a. All discovery dates and deadlines would be stayed for 90 days to allow: (i) JE Simas to provide to the Plaintiffs certain documents to conduct the Second Audit; (ii) the Audit of the Second Audit Period to commence; (iii) the Parties to discuss further JE Simas's objection to, and availability of additional Audit documents that the Plaintiffs have requested; and (iv) the Parties the opportunity to negotiate a global

resolution of the Parties' claims and defenses;

  b. All case deadlines would be stayed through August 24, 2024;

  c. No later than two weeks prior to the expiration of the stay, the Parties would meet and confer and file a Joint Status Report to update the Court on the status of the Audit and how the Parties intend the case to proceed;

  d. Plaintiffs may file a Notice of Termination of Stay and the Stay shall be terminated if (i) JE Simas does not timely provide the documents for the Second Audit on or before the Second Audit Documents Due Date, or (ii) the Plaintiffs' Auditor determines, after due diligence and reasonably commencing the Second Audit with the documents provided, that the Second Audit cannot be reasonably completed without additional documents from JE Simas;

  e. JE Simas may likewise file a Notice of Termination of Stay and the Stay shall be terminated pursuant to the meet and confer requirements and seven-days written notice outlined herein; and

  f. Before filing a Notice of Termination of Stay, counsel for the Parties must meet and confer over video or telephone conference to attempt to resolve any issues in good faith, and if, after conducting the meet and confer, the Parties are unable to resolve said issues, either party, upon seven-days written notice to the other, may file a Notice of Termination of Stay and the Stay shall be terminated.

**B. STATUS**

1. JE Simas provided initial documents for the Second Audit, and the Plaintiffs' Auditor commenced the Second Audit.

2. The Plaintiffs' Auditor has determined, after due diligence and reasonably commencing the Second Audit with the documents provided, that the Second Audit cannot be reasonably completed without additional documents from JE Simas.

3. The Plaintiffs provided a list of the necessary additional documents for the Second Audit to JE Simas.

-3-

4.    On August 12, 2024, counsel for the Parties met and conferred to discuss and resolve in good faith the issues regarding the Second Audit.

5.    JE Simas has agreed to request from third parties the additional documents requested for the Second Audit and believes additional time is required to obtain such documents.

**C.    STAY OF PROCEEDINGS**

1.    The Parties agree to stay the Case, including all discovery dates and deadlines, for 90 days to allow: (i) JE Simas to request from third parties certain additional documents to conduct the Second Audit on or before **August 19, 2024** ("Second Audit Documents Request Deadline"); (ii) the Audit of the Second Audit Period to continue; (iii) the Parties to discuss further JE Simas's objection to, and availability of additional Audit documents that the Plaintiffs have requested; and (iv) the Parties the opportunity to negotiate a global resolution of the Parties' claims and defenses.

2.    This is the second request to stay these proceedings.

3.    A stay of these proceedings will not prejudice any party and is not sought for any improper purpose; rather, this Stipulation is sought for the purposes of judicial economy and to promote settlement.

4.    The Parties agree that all case deadlines shall be stayed through **November 12, 2024**.

5.    No later than **October 29, 2024,** the Parties will meet and confer and file a Joint Status Report to update the Court on the status of the Audit and how the Parties intend the case to proceed.

6.    Plaintiffs may file a Notice of Termination of Stay and the Stay shall be immediately terminated if (i) JE Simas does not request the additional documents for the Second Audit on or before the Second Audit Documents Request Deadline, or (ii) the Plaintiffs' Auditor determines, after due diligence and review of the documents provided, that the Second Audit cannot be reasonably completed without additional documents that JE Simas

has been unable to procure/provide. If Plaintiffs' Auditor determines the Second Audit cannot be reasonably completed without additional documents, Plaintiffs' Auditor shall provide a reasonably detailed update for JE Simas to review with the reasons why Plaintiffs' Auditor believes the Second Audit cannot be reasonably completed without additional documents. JE Simas may provide to Plaintiffs any objections JE Simas may have to the Auditor's reasons; the Parties must conduct a meet and confer per the below requirements in this subsection to attempt to resolve why the Second Audit cannot reasonably move forward. JE Simas may likewise file a Notice of Termination of Stay and the Stay shall be immediately terminated pursuant to the meet and confer requirements and seven-days written notice outlined herein. Before filing a Notice of Termination of Stay, counsel for the Parties must meet and confer over video or telephone conference to attempt to resolve any issues in good faith. If, after conducting the meet and confer, the Parties are unable to resolve said issues, either party, upon seven-days written notice to the other, may file a Notice of Termination of Stay and the Stay shall be terminated.

| **CHRISTENSEN JAMES & MARTIN, CHTD.** | **SIERRA CREST BUSINESS LAW GROUP** |
|---|---|
| By: */s/ Kevin B. Archibald*<br>Kevin B. Archibald, Esq.<br>NV Bar No. 13817<br>7440 W. Sahara Avenue<br>Las Vegas, Nevada 89117<br>Tel: (702) 255-1718<br>Fax: (702) 255-0871<br>Email: kba@cjmlv.com<br>*Counsel for Plaintiffs* | By: */s/ Alison R. Kertis*<br>Alison R. Kertis, Esq.<br>NV Bar No. 13875<br>6770 S. McCarran, 1st Floor<br>Reno, NV 89509<br>Tel: (775) 448-6070<br>Fax: (888) 506-9058<br>Email: akertis@sierracrestlaw.com<br>*Counsel for the Defendants* |
| DATED:  August 132, 2024 | DATED:  August 13, 2024 |

**IT IS SO ORDERED:**

_____
UNITED STATES DISTRICT JUDGE

DATED:  August 14, 2024